UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK EVANS** | : | **DOCKET NO. 19-cv-01013** |
| REG. # 69117-080 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MYERS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Mark Evans. Evans is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

On December 10, 1996, Evans was found guilty of one count of conspiracy to possess with intent to distribute cocaine in the Western District of Texas (doc. 1, att. 2, p. 6) and subsequently sentenced to a term of 262 months (*id.* at p. 7). On August 16, 2012, he was convicted of one count of conspiracy to possess with intent to distribute marijuana, in the Western District of Tennessee (*id.* at p. 10) and subsequently sentenced to 69 months (*id.* at p. 11).

On June 3, 2019, the BOP's Designation and Sentence Computation Center (DSCC) updated his current 69-month sentence in accordance with the First Step Act, 18 U.S.C. § 3624(b)(1) but he was informed that his 262-month sentence would not be updated because it had

been completed prior to July 19, 2019. Doc. 1, att. 2, pp. 2-4. Evans files the instant petition alleging that the BOP erred in not aggerating his two sentences and that it must award him retroactive good credit time on his 262-month sentence, which was completed in June 2015.

## II.
### LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The United States Court of Appeals for the Fifth Circuit has consistently recognized that exhaustion of administrative remedies is required for section 2241 petitions seeking credit on a petitioner's sentence. *See McMahon v. Fleming*, 145 Fed. Appx. 887, 888 (5th Cir. 2005)

(affirming dismissal of section 2241 petition where petitioner claimed that BOP did not properly calculate good time credit because petitioner did not exhaust administrative remedies); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons."). Exceptions to the exhaustion requirement may be appropriate only "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Such exceptions apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating circumstances warranting the waiver of the exhaustion requirement. *Id.* Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006). A § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies[1]. *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce*, 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit).

As a challenge to the calculation of his earned good conduct time, Evans' request for relief is properly before the court under § 2241, though it may be subject to dismissal as unexhausted. However, regardless of whether Evans has exhausted, or whether he could show an exception to the exhaustion requirement, he cannot prevail on his petition.

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the *sua sponte* dismissal of a § 2241 petition of exhaustion grounds. *See, e.g.*, *Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); *accord Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

According to 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." This statute, however, does not account for conflicting rules among various sentencing statutes used to calculate release dates. *Terry v. Bragg*, 2010 U.S. Dist. LEXIS 48014, *6 (W.D. Tex., Feb. 10, 2010). For example, and relevant to the case at bar, a prisoner sentenced under the Violent Crime Control and Law Enforcement Act ("VCCLEA") is entitled to good conduct time unless the Bureau affirmatively determines that he has not satisfactorily complied with institutional disciplinary regulations, and his credits vest if he makes satisfactory progress toward a high school diploma or an equivalent degree.[2] A prisoner sentenced under the Prison Litigation Reform Act ("PLRA") must demonstrate "exemplary compliance" with Bureau

---

[2] *Id*. ("The VCCLEA amended 18 U.S.C. § 3624(b) in 1994 to provide that a prisoner would receive good conduct credits unless the Bureau of Prisons determined that the prisoner had not satisfactorily complied with institutional disciplinary regulations and to require that good time credits would vest if he made satisfactory progress in an educational program. The VCCLEA amendment allows:

(1) A prisoner (other than a prisoner serving a sentence for a crime of violence) who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of the prisoner's life, shall receive credit toward the service of the prisoner's sentence, beyond the time served, of fifty-four days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determined that, during that year, the prisoner has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner. A prisoner who is serving a term of imprisonment of more than 1 year for a crime of violence, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with such institutional disciplinary regulations. If the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. The Bureau's determination shall be made within fifteen days after the end of each year of the sentence. Credit that has not been earned may not later be granted. Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Credit toward a prisoner's service of a sentence shall not be vested unless the prisoner has earned or is making satisfactory progress toward a high school diploma or an equivalent degree.

18 U.S.C. § 3624(b) (1994), as amended by the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 20405, 108 Stat. 1796, 1826 (1994) (emphasis added). This version of 18 U.S.C. § 3624 applies to federal terms of imprisonment for offenses committed between VCCLEA's effective date of September 13, 1994, and the PLRA's effective date of April 26, 1996.")

disciplinary rules to receive good conduct credits, and his credits vest on the date the Bureau releases him from custody.[3]  Thus, good time credits are more difficult to earn under the PLRA than under the VCCLEA, and are subject to forfeiture at any time during the service of a sentence. *Id.*  Also, a court may order the revocation of good time credits that have been earned but have not vested under the PLRA making more credits subject to revocation than under the VCCLEA.  *Id.* (citing 28 U.S.C. § 1932 (West 2010) ("In any civil action brought by an adult convicted of a crime and confined in a Federal correctional facility, the court may order the revocation of such earned good time credit under section 3624(b) of title 18, United States Code, that has not yet vested, if, on its own motion or the motion of any party, the court finds that--(1) the claim was filed for a malicious purpose; (2) the claim was filed solely to harass the party against which it was filed; or (3) the claimant testifies falsely or otherwise knowingly presents false evidence or information to the court.").  As a result, the Bureau has construed § 3584 as requiring aggregation only when sentences are imposed under the same sentencing statute.  *Id.*; see also *Pizarro v. Bureau of*

---

[3] *Id*. ("The PLRA amended 18 U.S.C. § 3624(b) in 1996 to require that an inmate demonstrate exemplary compliance with Bureau disciplinary rules in order to receive good conduct time and to establish that good time credits vested on the date he is released from custody. The PLRA amendment provides:

(1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

(2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b) (1996), as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Tit. VIII, § 809, 110 Stat. 1321, 1321-76 (1996) (emphasis added). This version of 18 U.S.C. § 3624(b) applies to federal prison terms imposed for offenses committed on or after April 26, 1996, the effective date of the Act.")

*Prisons*, 2005 WL 1177942 at *4 (D.N.J. May 18, 2005) ("Because of conflicting statutes regarding good time credits, the Bureau's determination that PLRA and non-PLRA sentences will not be aggregated is reasonable, and this Court must uphold the agency's interpretive rules, as the Program Statement is to be afforded at least 'some deference.'"); Doc. 1, att. 2, p. 4 ("Program Statement 5880.28, Sentence Computation Manual, page 1-78S states, 'PLRA sentences shall be aggregated with each other but shall not be aggregated with any other sentences because of the statutory differences between the manner in which a PLRA sentence must be treated in relationship to other sentences.'")

In this case, Evans was sentenced in 1997 to a term of 262 months under the VCCLEA. Doc. 1, att. 2, pp. 2, 4. That sentence was completed on September 4, 2015. Doc. 1, att. 2, p. 8. The current 69-month sentence he is serving falls under the Prison Litigation Reform Act ("PLRA"). *Id.* As Evans was informed, sentences expired and completed prior to July 19, 2019, are not eligible for updating under the First Step Act. *Id*. at p. 8. Accordingly, the Bureau did not improperly fail to aggregate Evans' two sentences, as they were not imposed under the same sentencing statute, and petitioner is not entitled to relief.

### III.
#### CONCLUSION

For the reasons stated above, Evans' petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 18th day of November, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE