# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARK EVANS<br>REG. # 69117-080 | : | DOCKET NO. 19-cv-01013<br>SECTION P |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| WARDEN MYERS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petition Mark Evans, who is an inmate in the custody of the Bureau of Prisons ("BOP"). Evans sought relief based on the BOP's failure to award supplemental good conduct time to both of his federal sentences under the First Step Act.

Evans was sentenced to a 262-month term of imprisonment based on a 1996 conviction in the United States District Court for the Western District of Texas, for conspiracy to possess with intent to distribute cocaine. While serving that sentence he was convicted in 2012, in the Western District of Tennessee, of conspiracy to possess with intent to distribute marijuana. He was then sentenced to a 69-month term of imprisonment, which was ordered to run consecutive with his prior term. Doc. 5; *see* doc. 1, att. 2. Evans has completed the latter term and is currently serving the former.

Evans was awarded retroactive good conduct time for the 69-month term in June 2019, under the First Step Act, 18 U.S.C. § 3624(b)(1). Doc. 1, att. 2, pp. 2–4. The BOP declined to award him additional retroactive credits for the 262-month term, stating that it

would not be updated because it had been completed prior to July 19, 2019. The BOP further noted that his 262-month term could not be aggregated with the 69-month term because the former was imposed under the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA") while the latter was imposed under the Prison Litigation Reform Act of 1995 ("PLRA"). *Id.*

Evans sought review of the BOP's designation in this court, and Magistrate Judge Kay issued a report and recommendation on that petition on November 5, 2019.[1] Doc. 5. As she noted, the VCCLEA and PLRA have different requirements for good conduct time entitlement. While the BOP is generally required to aggregate sentences under 18 U.S.C. § 3584(c), its decision not to aggregate PLRA and non-PLRA sentences has been upheld as reasonable on this basis. *Id.* at 5–6. Magistrate Judge Kay therefore recommended that Evans's petition be denied and dismissed with prejudice.

Evans now files his objections to the report and recommendation and shows that the BOP updated his good conduct time on October 17, 2019. Doc. 7; *see* doc. 7, att. 1. Through this calculation Evans states that the BOP has awarded him an additional 152 days in retroactive good conduct time under the First Step Act, based on his 262-month term. Having no further quarrel with the BOP's designations, he requests that his petition be dismissed without prejudice.

---

[1] The same report and recommendation was reissued on November 18, 2019. Doc. 6.

The court finds no error to the Magistrate Judge's determinations, but agrees that Evans's challenge is moot based on the recalculation. Accordingly, it will decline to adopt the report and recommendation and instead dismiss this matter without prejudice.

**THUS DONE** in Chambers this 9th day of December, 2019.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**